UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRIAN D. WICKERSHAM,

        Petitioner,

       v.                                 Case No. 21-C-556

WARDEN, FCI OXFORD,

        Respondent.

**SCREENING ORDER**

On April 30, 2021, Petitioner Brian D. Wickersham filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. Wickersham previously pled guilty to Coercion or Enticement of a Minor to Engage in Unlawful Sexual Activity, in violation of 18 U.S.C. § 2422(b), and was sentenced to 240 months of imprisonment and lifetime supervision pursuant to a Rule 11(c)(1)(C) Plea Agreement. *See* Fed. R. Crim. P. 11(c)(1)(C). Judgment was entered on July 23, 2020. *See* Case No. 18-CR-173.

Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, I must give the case prompt initial examination:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

Rule 4, Rules Governing § 2255 Proceedings.

During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable claims under § 2255. "Habeas corpus petitions must meet heightened pleading

requirements . . . ." *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (citing 28 U.S.C. § 2254 Rule 2(c)). Although *McFarland* dealt with a petition for relief under § 2254, the same is true of petitions seeking relief under § 2255. The petition must "specify all the grounds for relief available to the moving party," and "state the facts supporting each ground." 28 U.S.C. § 2255, Rule 2(b); *see also Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) ("The § 2254 Rules and the § 2255 Rules mandate 'fact pleading' as opposed to 'notice pleading,' as authorized under Federal Rule of Civil Procedure 8(a)."). The reason for the heightened pleading requirement in habeas cases, as the Eleventh Circuit noted in *Borden*, is obvious:

> Unlike a plaintiff pleading a case under Rule 8(a), the habeas petitioner ordinarily possesses, or has access to, the evidence necessary to establish the facts supporting his collateral claim; he necessarily became aware of them during the course of the criminal prosecution or sometime afterwards. The evidence supporting a claim brought under the doctrine set forth in *Brady v. Maryland*, 373 U.S. 83 (1963), for example, may not be available until the prosecution has run its course. The evidence supporting an ineffective assistance of counsel claim is available following the conviction, if not before. Whatever the claim, though, the petitioner is, or should be, aware of the evidence to support the claim before bringing his petition.

*Id.* at 810. Were the rule otherwise, federal habeas would be transformed into "a vehicle for a so-called fishing expedition via discovery, an effort to find evidence to support a claim." *Id.* at 810 n.31.

Wickersham purports to assert four separate grounds for relief. First, he claims that his first attorney provided ineffective assistance of counsel. Wickersham claims that he did not agree on issues with his first attorney and felt he was not telling him the truth. These allegations are conclusory and fail to state a claim of ineffective assistance of counsel. This is particularly so in light of the fact that Wickersham's motion for a new attorney was granted and his plea and sentencing occurred after a new attorney was appointed. The petition offers no reason to believe that anything his first attorney did contributed to the ultimate result in the case.

Wickersham's second claim is that his second attorney provided ineffective assistance of counsel by coercing him into withdrawing his motion to withdraw his guilty plea. As to this claim, too, Wickersham fails to offer any factual allegations that would support such a claim in light of the record in the case or that reveal a defense he was prevented from asserting. The record in Case No. 18-CR-173 reflects that Wickersham entered his plea of guilty on December 19, 2019. Dkt. No. 47. On April 17, 2020, Wickersham filed a pro se motion to withdraw his guilty plea claiming that it had come to his attention that his rights might have been violated. Dkt. No. 53. However, Wickersham's attorney emailed the Clerk the same day and advised that there was no need to set Wickersham's motion for hearing because he had met with his client and Wickersham intended to notify the Court in writing that he would be withdrawing his motion. Wickersham's letter advising the Court of his decision to withdraw his motion and proceed with sentencing was filed on April 20, 2020. Dkt. No. 54. Wickersham explained in his letter that his motion was due to "a misunderstanding by my ignorance [sic] and we should continue with my sentencing as planned for June 5th." *Id.* After a further adjournment to accommodate the victim and his family, sentencing was finally scheduled to occur by video conference on July 23, 2020. Dkt. No. 65.

Shortly before sentencing, Wickersham wrote a letter to the Court in which he took full responsibility and expressed remorse for his offense. Neither in his letter to the Court nor at the sentencing hearing did Wickersham indicate a desire to withdraw his plea and any dissatisfaction with his attorney. In fact, at the change of plea hearing, Wickersham testified that he was satisfied with the representation his attorney had provided him up to that point in the proceedings. Dkt. No. 70 at 7. And at the sentencing, he read a letter of apology to the victim of his crime. Dkt. No. 71 at 23. At no time did Wickersham ever allege any facts that would support withdrawal of his guilty plea. Even in the letter the Court initially construed as a motion seeking to withdraw his plea,

3

Wickersham failed to explain why he believed he was entitled to do so. He merely stated it had come to his attention that his rights may have been violated. Dkt. No. 53. As his attorney acknowledged at sentencing, Wickersham "had no viable defense should he have elected to go to trial." *Id.* at 13.

Wickersham's third and fourth claims—perjury by the Sheriff's Department and illegal search and seizure of property from his truck—were waived by entry of his guilty plea. "When a defendant enters an unconditional guilty plea, he waives all nonjurisdictional defects arising before his plea, including Fourth Amendment claims." *United States v. Combs*, 657 F.3d 565, 568 (7th Cir. 2011) (citing *United States v. Phillips*, 645 F.3d 859, 861–63 (7th Cir. 2011); *United States v. Coil*, 442 F.3d 912, 914 (5th Cir. 2006); *United States v. Galbraith*, 200 F.3d 1006, 1010 (7th Cir.2000)); *see also Class v. United States*, 138 S. Ct. 798, 805 (2018) ("A valid guilty plea also renders irrelevant—and thereby prevents the defendant from appealing—the constitutionality of case-related government conduct that takes place before the plea is entered."). Even if the claims were not waived, Wickersham fails to state how the alleged "perjury" or "illegal search" would have impacted his case.

In sum, Wickersham has failed to allege facts sufficient to state a claim that is cognizable under § 2255. He offers no more than conclusory allegations that are belied by the record in his underlying criminal case. His petition is therefore summarily denied, and the case dismissed. The Clerk is directed to enter judgment accordingly. A certificate of appealability is denied. I do not believe that reasonable jurists would believe Wickersham has made a substantial showing of the denial of a constitutional right.

Wickersham is advised that the judgment entered by the Clerk is final.  A dissatisfied party may appeal the Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within 30 days of the entry of judgment.  *See* Fed. R. Civ. P. 3, 4.

**SO ORDERED** at Green Bay, Wisconsin this 19th day of May, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
